The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Craig H. D. Armond presiding. Good afternoon, counsel. Good afternoon. Good afternoon, your honor. This is 4-20-0515, People of the State of Illinois v. Jacob Robinson. Could counsel for the appellant please state your name for the record? Yes, your honor. Your honor, Mark Johnson, Johnson Law Group, and I represent Jacob Robinson. Thank you, Mr. Johnson. Counsel for the appellate, could you please state your name for the record? I'm David Manchin. I'm with the Appellate Prosecutor's Office. We're representing the state in this case. Thank you, Mr. Manchin. Mr. Johnson, you may proceed. Thank you, your honor. Your honor, I see both yourself and Judge Holder. I don't see Judge Steigman. Is he on? I didn't know whether that had been explained to you, but there's been a family emergency, and Justice Steigman is not going to be able to be with us this afternoon, but he will be reviewing the tapes of the argument, and then we'll take part in the decision at a later time. Okay. No, I was not aware of that. Since I didn't see him on the screen, I thought I'd better chime in before we proceeded. So, thank you, your honor. So, as is customary, may it please the court, counsel, good to be here. Your honors, we have filed an appeal on the basis that there was an excessive sentence rendered in the trial court in Livingston County, and I know there's a lot of case law out there. I know the state cited Johnson and Diaz, and I'm sure we're going to get to that here in a little bit, but as we proceed, there are basically three different issues as to why Judge Bachnett, who's a great judge in Livingston County, but there are three different things that we believe she did that committed error, and that's why we filed the appeal. The basis of the appeal is excessive sentence. One, we have pled, and I think we've been fairly articulate, that there were certain factors in mitigation that were in the precinct's investigation report. There was testimony, statement of allocution, statement of remorse. There was a point in time during the sentencing hearing where Judge Bachnett made a very profound statement that I found that there's no mitigation here whatsoever. So, she affirmatively stated on the record and in her opinion that there's no mitigation whatsoever. Now, I realize that there was a motion to reconsider as well, where she then articulated further, but she didn't specifically find what mitigation was there, what was not there, and I understand there's case law judge that says the court doesn't need to specifically make certain findings, but we believe based upon the totality of the circumstances that, and especially her very specific statement during her ruling that the court finds no mitigation whatsoever, we believe that that was error, and we believe that was an abuse discretion by way of our standard of review, and we think it should go back to the trial court for that basis. Now, there are a couple other reasons that we've articulated in our brief as to why it was an excessive sentence. We have pled and alleged a second basis that it was an excessive sentence, and that being that it was greatly at variance with the spirit and purpose of the law and manifestly disproportionate to the nature of the offense. So, in the brief, Judge, we pointed out a lot of other court opinions where there were the facts, circumstances, the priors, the factors and aggravation were huge compared to this particular case where the trial judge gave Jacob 20 years in prison. So, we believe based upon the prior cases which we've pled, cited, and given the specifics on those specific sentences that this is a case where the excessive sentence was greatly at variance with the spirit and purpose of the law and as compared to other cases. So, that's a second reason that we have argued, and we're looking for the case to go back to the trial court for further consideration in regards to the sentence being excessive. And then there was a third basis, Your Honor, and I know it's all well pled, and I know Your Honors have read the pleadings, and I appreciate the opportunity. I'm going fast through these very basics, but to make a record, and I appreciate that, we believe Judge Bachnett speculated. She speculated with no basis, no evidence, no factors and aggravation that when Jacob Robinson gets out of prison that she's scared, and she believes, and she thinks definitively that Mr. Robinson is going to commit the offensive DUI again. There were no experts to support that opinion. There was nothing to support that whatsoever. So, it was mere speculation. And so, based upon those three different prongs, we believe that there was an excessive sentence that was imposed in the trial court, and that's why we're asking that the appellate court review the matter and let it be returned to the trial court. And that's all I've got for the opening, Your Honor. I appreciate your time. Counsel, with respect to the trial court mentioning that there are no mitigating factors, as you point out, as being one of your prongs in your three-prong attack on this sentence, you did mention the motion to reconsider. I wonder if you disagree that the trial court didn't clearly basically rehabilitate herself in that she specifically said that she considered, you know, his mental health, the letters, his character, and the mitigating factors, but found that they were outweighed by factors and aggravation. I mean, where does that leave us? Good question, Your Honor. And yeah, during the motion to reconsider, that was done by Attorney Maureen Williams out of Peoria, and I reviewed the record on that as well, and I don't think that Ms. Williams did a fair job. And I'm not arguing ineffective assistance. That's not alleged. That's not pled. I'm not. But to answer Your Honor's question, whether or not the trial judge, I guess, made the record clear that she considered that. I don't believe that her statements on the record were enough to explain away her specific, very articulate, specific finding that there's no mitigation. She finds no mitigation. Now, during the motion to reconsider, the trial judge indicated that I have considered all this. I've considered all these things, and she laid out a few things as well, but she did not specifically say that, okay, I misspoke before. It's not as if I'm not finding any mitigation. That's what I said before, but that's not what I meant. I misspoke. And she commented upon these other factors and mitigation that were presented, but she didn't expressly find in her ruling on the motion to consider, as I review the trial transcript, that she was, in fact, correcting herself, correcting the record. She didn't, in fact, in my opinion, based upon my review, specifically articulate that there is mitigation. I don't believe she said that there is mitigation to reverse what she had said earlier to correct that misspeaking, if, in fact, that was a misspeaking. She instead commented upon, yeah, I've reviewed things that might be considered as such, but I'm not finding any, I'm not finding that as mitigation. She didn't specifically do that. So, Your Honor, that's a great, great question. And, you know, when I examined that trial record based upon the sentencing and the motion to reconsider, I was, at first, I thought, wow, did the trial judge correct herself? But it's my belief that she did not. So, we're at a loss. It's an unknown territory. We don't know exactly, you know, whether she found mitigation. All I know is that during the original sentencing hearing, she said definitively that there is no mitigation. On the motion to reconsider, she alluded to certain things, but didn't give me enough specifics for me to not draft this in the appeal. And I'm not going to draft anything frivolous. I think we've got good argument in this regard. But I hope that answers your question, Your Honor. Thank you. And then with respect to your argument that she said she was afraid of the defendant and that she thought he was going to commit this crime again, isn't that really kind of the to reoccur? Isn't that really part of the same analysis? I believe it's a comparable analysis, and I think that's a good point as well. We believe that she went above and beyond that, over and beyond that, and specifically enhanced his sentence on the basis that she drew a conclusion, a definite conclusion, that upon him being released from prison, that he is going to commit this again. Not that he's likely or less likely or more likely, not likely, but that he is going to do this again. That was more of a definitive statement as I read it in the transcripts. And that's why we believe that that speculation went over the top. And we think that the court needs to pay attention to that as well. Mr. Johnson, did you want to address the state's issue that we can't even get to these failures to withdraw the guilty plea issue? Certainly, Your Honor. The state filed a good brief. And in that brief, they had cited certain case law. And two, the two that Johnson in 2019 by our Illinois Supreme Court, I'm not asking that the court ignore that. It's the Illinois Supreme Court. We can't ignore the Illinois Supreme Court. I'm not suggesting or asking that this court do that in the case of Diaz as well. Now, the ruling in Johnson in 2019 was that the defendant must file a motion to withdraw the guilty plea. OK, that happened in Johnson and the court. But the issues in Johnson, they pertain specifically to improper sentencing factors. Judge Rudzewski out of Bloomington articulated certain factors and aggravation which were embodied in the actual charges. So he articulated that. But the Supreme, the appellate court ruled, then the Supreme Court ruled even further that, hey, as it pertains to improper sentencing factors, there needs to be the motion to withdraw the guilty plea first, which there was in that case. The point being, Your Honor, is that our case, the Johnson case, did not specifically rule about failing to consider mitigation. The Johnson case did not specifically rule about failing to consider the variance issue that we've talked about. So our case, the Jacob Robinson case, is distinguishable in a couple of different regards. Perhaps this court needs to think about that and make a further ruling to expand Johnson or to further explain Johnson. But as I look at fourth district cases right now, it doesn't seem like we have anything that articulates the law in this particular way. And I know the government has cited a couple of other cases. And on the appellate level, for instance, they've cited Haley, which is a third district case. They've cited Richard, which is a fifth district case. And both of those cases, Your Honor, at the appellate level in separate districts, not our district, Richard was a 2012 case, you know, basically was the opinion that unless the motion to withdraw the guilty plea not just filed, but it has to be successful in order to then challenge the excessive sentence. And that's what you argue, but that's not what Johnson said. I mean, that's not the facts of Johnson. Johnson lost his motion and he argued the motion on appeal. And isn't that what we're really talking about? You argue that he had to win the motion. And I don't see that that's necessary at all. In reading the Supreme Court's opinion, they address the issue of his failure to raise that issue, the denial of the motion to withdraw a plea on appeal. And they say, no, you can't do that. If you're going to if you're going to try to attack your sentence, you've got to raise your file, your motion to withdraw a plea. Of course, the majority of people aren't going to win the motion. That's why it's an appeal. And then you argue that issue on appeal and explain why the trial court was wrong in failing to grant the motion to withdraw a plea. But you can't just circumvent that and say, well, we lost at the trial court level. The burden is high. And so we're not even going to raise it on appeal. We're just going to go straight to excessive sentence. And that's where Johnson says, no, you can't. Yeah, in the Johnson case, there certainly was a motion to withdraw the guilty plea at the trial level. The way I read that case, I wasn't aware that there was a motion withdrawal in the appeal, the notice to appeal, and then the appellate brief as well, Your Honor, whether that's significant to the court or not. I was under the impression that that was not an appeal issue. In this particular case, in Jacob Robinson's case, when I reviewed the transcripts, there did not appear to be any appealable basis to appeal the motion to withdraw the guilty plea, the denial of the trial court's motion to withdraw the guilty plea. That's why we have not alleged that in the appeal. But, Your Honor, we believe there's enough here based upon precedent in the Illinois Supreme Court, which certainly is the most important. The Johnson case is certainly important here. No doubt about that whatsoever. Not disputing that whatsoever. I just think that this case is distinguishable, and I believe that we can move forward with the excessive sentence issues, and that's why we prepared the appeal, Your Honor. Anything else, Mr. Johnson? No. Thank you so much for the opportunity. Appreciate it. Thank you, Mr. Johnson. Mr. Manchin. Good afternoon, Your Honor. Please, the court, counsel. In this case, this court cannot get to the issues of whether the defendant's sentence was excessive or whether the trial court failed to consider mitigation or any of his three pronged attack. Johnson specifically says, when you have entered a fully negotiated plea, which is what this defendant did. How is this a fully negotiated plea when, in fact, all the state does is say we're not going to recommend a sentence greater than 18 years? The defendant is still subject to the entire range of sentences. There's absolutely no consideration whatsoever on the defendant's part. Although I recognize as having been a trial judge for 17 years, pleas like this were entered all the time, and I did them as a prosecutor. How I ever got a defense attorney to agree now, as I look back, I wonder. Because the defendant gets nothing out of this deal unless they somehow think that the mere recommendation of the state is all it takes to convince a trial judge that that's what the sentence should be. Because in this case, as the judge made it clear, she was not bound by that recommendation. She could exceed it, and in fact, she did. So how can this be considered a fully negotiated plea when the defendant gets nothing out of it? Well, the state has given up its right to request the 30-year sentence to which the defendant was entitled. But he's still subject to it. The defendant took the plea. He was admonished on the record. It was on page, I believe, 4 of the record that you have a very, I'm quoting from the No, no, I agree with you completely. He was clearly informed that he's still subject to the entire range of sentences, and he affirms that on the record that, yes, he understands that. My problem is trying to figure out how this truly qualifies as a fully negotiated plea under 604D and under Johnson when, in fact, there's nothing given to the defendant whatsoever of any substantive nature. It's simply the ethereal recommendation of the state that carries no weight whatsoever with the court's ultimate determination. Well, the case law generally states that it's a fully negotiated plea whenever the state has made sentencing concessions. And that's what happened here. There's a sentencing concession. He's conceded that they would not request anything over 18 years. How can that be a sentencing concession when the defendant is still subject to the full range of sentences? Under any plea, unless the defendant agrees to a specific sentence, there's still a range that the defendant can be subject to. But here's the problem as I see it in this situation. If you go back to the cases upon which Johnson relies, if you go back to Evans and Diaz and a number of other cases that are referenced in there, they all come from jurisdictions where, if you go back and look at those cases, the recommended sentencing cap is, in fact, a cap on the sentence. In other words, when the state says, we're not going to recommend more than X, then the defendant is not subject to more than X. We have here, however, a situation that doesn't seem to be addressed by any of those particular fact situations in those cases where that recommendation, in fact, is not a real cap on the sentencing exposure of the defendant. Is that a distinction that we should be considering at all? I do not believe so. I agree with you that there is no case law specifically like this because I did look quite carefully as to whether this type of situation has ever occurred before it had been addressed. But there have been cases where the state has just simply given up the right to consecutive sentences, the right to... Well, but that's different because that does affect the defendant's sentencing exposure. If the state recommends or if the state says, we are not going to ask for consecutive sentencing or extended term sentencing, then they are clearly making a concession on the sentence the defendant can be exposed to. Here, there is no concession as to what the defendant can be exposed to. They're just saying, we're not going to recommend more than 18, but the judge is perfectly capable of sentencing you to 30. I, again, I'm still trying to figure out how I was ever able to get defense attorneys to agree to those plays, but I did as a prosecutor and that's what we've got here. Well, Mr. Manchin, unlike Justice DeArmond, I'm proud to say that I was never a defense attorney who would get that kind of deal for a client. And generally speaking, when I was on the bench at the trial court level, we would have a situation where I would and other judges would indicate whether or not we were willing to bind ourselves to that cap. So I think this is kind of an odd situation that we have, but on the issue of whether or not this is a negotiated plea, I mean, we do have a definition of what is a negotiated plea in Rule 604D, and it specifically says that it's negotiated when the prosecution has bound itself to recommend a specific sentence or a specific range of sentence. Doesn't we won't ask for more than 18 years constitute the state to agreeing to a specific range of sentence, recommending a specific range of sentence? I believe it does fall within that definition, falls directly within the definition in the rule as a negotiated sentence. Whether it was a smart deal on the defense part or not, it doesn't allow him to go back in and challenge the sentence without withdrawing his plea. And in this case, it was a pro forma motion to withdraw the plea. The motion to withdraw the plea just that he did not enter it knowingly, was denied effective assistance of counsel in any other record that appears the record. That's the contents of the motion to withdraw the plea. The new attorney argued that one by simply saying we will stand on the motion so that no arguments, no further development of what was meant by those allegations. And this is, I think this is just a way for the defendant to try to get around Richardson by saying, okay, I filed a perfunctory motion to withdraw the plea. Now I can challenge that sentence. And that is not what Richardson means. If simply filing the motion to withdraw is enough, there's no point in the Richardson holding. I think of the cases of Haley, Spriggle and Richard decided in my brief have it right that when the defendant enters a negotiated plea, he has to file the motion, convince the court to grant the motion and he's unsuccessful, challenge that ruling. He cannot simply just go to the sentence. And that's exactly what happened in Johnson. The defendant there filed a motion to withdraw his plea, but then abandoned the grounds for the challenge and just challenged the sentence. And the Johnson court said, no, when you've entered a fully negotiated plea, you cannot challenge your sentence on appeal. The Johnson court said that that would apply, that they're not going to create an exception for rephrasing excessive sentencing claims in terms of constitutional issues, which is what the defendant is trying to do. The Johnson court makes a blanket statement that you cannot challenge the sentence on a negotiated plea period. And this court, I don't think can try it by creating the exception for failing to consider mitigation or failing to compare defendant's case to other cases. You're doing an end run around 604D that Johnson especially rejected. So that this court simply cannot get to the issues. If it could, there is no merits to the defense claims. As your honor noted, the question of speculating as to whether the defendant is going to do is the flip side of the statutory requirement that the court must determine if the defendant is likely to commit the offense again. And when you have a defendant who has multiple DUIs and commits another DUI while on a parole or supervised release after his latest DUI conviction, the court statement that the defendant is going to do it again is very well founded and is not error in any shape or form. With respect to the claim that the court did not consider the mitigating evidence, he picks one sentence out of the sentencing hearing to say the court did not consider the mitigating factors. He ignores the trial court's express references to the, that he was mindful of the defendant's rehabilitative potential and the defendant's statement in elocution. He referred to his history of alcohol use, alcoholism, treatment efforts. The defendant referred to his family. He said he was a hard worker and good person and noted he was worth saving. He noted the defendant's state mental health. So the trial court serially referred to each and every factor of mitigation the defendant refers to in their findings below. So to say the court never considered them is completely rejected, refuted by their statements at the sentencing hearing by their later clarification at the hearing the motion to reconsider that they considered it, but just determined that the mitigation was outweighed by the aggravating factors. So the mitigation was considered here. The defendant just thinks it didn't get enough consideration. That is not enough to disturb the sentence. The first attempt to compare the defendant's case to the sentences received in other cases should be rejected. I believe it was People v. Fern where the Supreme Court expressly rejected a cross-comparison analysis saying the only time you can compare sentences with co-defendants. So this attempt to say, well, he got more than other defendants, other DOI defendants, simply is irrelevant. It cannot be considered. So I believe that the, even if this court can get to the excessive sentencing claims that they are refuted by the record and should be rejected because the court did consider each of the mitigating factors were specifically referred to them. In fact, and some of them are shown by the defense statements not to apply. For example, the defense suggests that the defendant did not contemplate his conduct would threaten serious harm. But in the pre-sentence report, it's page C48, the defendant stated he believed his actions could have hurt someone. So lack of contemplation is not a factor in mitigation on the record. As far as endangering the defense health, there's absolutely nothing showing that imprisonment would endanger his health. All that shows is that he had some liver damage due to excessive drinking that said nothing about treatment or whether that could be aggravated in prison to say, so that factor does not apply. So, and as far as the defense remorse, which he refers to as a mitigating factor, the trial court expressly referred to redefense remorse and his guilty plea, but said he, it was a little weight that was at page 55 to 58 and that the defendant's actions spoke more loudly than words. So again, the trial court considered all the mitigating factors on the record. The weight that he gave it was within the discretion, and there's no error in the speculation regarding further crimes that was specifically authorized by statute. It was proper. If there are no other further questions, I will extend my brief. I think there are any other questions. Thank you, Mr. Manchin, Mr. Johnson, rebuttal. Thank you, your honors counsel. Yeah, a couple of things, judge, just to point out, just to make perfectly clear. This case, the Jacob Robinson case is just further distinguished and very unique in comparison to the Johnson case. In this case, the state recommended a cap of 18. The judge sentenced Jacob to 20 years. Now, the Johnson case, judge Drozdowski, the state in that particular case, they agreed not to pursue further charges. They agreed to do certain other concessions. The state in that case recommended 13 years. Judge Drozdowski in the Johnson case went ahead and imposed an 11-year sentence. So in this case, Jacob Robinson's case, he's gotten no benefit of the burden whatsoever. There's not been any charges dismissed. There's not been any agreement by the state not to pursue consecutive sentences. That was something that was talked about a little bit earlier. There was no concession by the state to file other class Xs, any additional charges. So basically, the only thing that the defense lawyer got out of that was got the state to commit that they would make a recommendation, and that's it. But that's not a sentencing concession. That's not a concession whatsoever. So we believe that Jacob Robinson's case is further distinguishable from Johnson. In regards to the government's addressing the sentence being greatly at variance with other sentences, Your Honor, what I do know is what I read in People v. Luna and People v. Bruner, which are both 2012 Fourth District cases, and the court there simply stated that a sentence that is within statutory limits is excessive and thus an abuse of court's discretion only when it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. So we believe that those comparable cases that we cited put in our brief and that we've made reference to today are, in fact, valuable, incredible. Thank you, Your Honor. Thank you, Mr. Johnson. Thank you both, counsel. The court will take this matter under advisement, and the court stands in recess.